JOHN MOTION, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Motion v. Commissioner
Docket No. 7185-73.
United States Tax Court
T.C. Memo 1975-43; 1975 Tax Ct. Memo LEXIS 327; 34 T.C.M. (CCH) 286; T.C.M. (RIA) 750043; March 3, 1975, Filed John Motion, pro se. William H. Newton, III, for the respondent. QUEALY
MEMORANDUM FINDINGS OF FACT AND OPINION QUEALY, Judge: The respondent determined that there was a deficiency in income tax due from the petitioner for the taxable year 1970 in the amount of $462.29. The sole issue is whether income earned by the petitioner while a resident of Puerto Rico is exempt from tax. FINDINGS OF FACT Petitioner *328 filed an individual income tax return for the taxable year 1970 showing a tax due in the amount of $556. At the time of filing the tax, the petitioner claimed a residence at San Juan, Puerto Rico. At the time of filing the petition herein, the petitioner resided in Coral Gables, Florida. In his income tax return, petitioner reported earnings while residing in the Dominican Republic during the months of January and February 1970 and in Puerto Rico during the months of March through December 1970, totaling $11,671.29. The petitioner claimed that his earnings while a resident in Puerto Rico were exempt from tax under section 933. [1]
The respondent disallowed the exemption claimed on account of the earnings of the petitioner while a resident of Puerto Rico. OPINION The petitioner's claimed exemption is predicated on section 933. Insofar as material herein, that section provides: SEC. 933. INCOME FROM SOURCES WITHIN PUERTO RICO. The following items shall not be included in gross income and shall be exempt from taxation under this subtitle: (1) Resident of Puerto *329 Rico for entire taxable year.--In the case of an individual who is a bona fide resident of Puerto Rico during the entire taxable year, income derived from sources within Puerto Rico (except amounts received for services performed as an employee of the United States or any agency thereof); but such individual shall not be allowed as a deduction from his gross income any deductions (other than the deduction under section 151, relating to personal exemptions) properly allocable to or chargeable against amounts excluded from gross income under this paragraph. The petitioner admittedly was not a bona fide resident of Puerto Rico during the entire taxable year. However, the petitioner contends that laws of the United States give more favorable treatment both with respect to voting and taxation to a U.S. citizen residing in a foreign country than the treatment extended to a U.S. citizen residing in Puerto Rico. In his petition, petitioner cites section 911 for comparison, which exempts earned income from sources without the United States. The conditions and the scope of the exemption under section 911 differ from the exemption granted to a U.S. citizen residing in Puerto Rico under section *330 933. It cannot be said, however, that the resident of Puerto Rico was disadvantaged thereby. In fact, the exemption granted to the resident in Puerto Rico is unlimited as to amount while the exemption granted to a U.S. citizen residing in a foreign country under section 911 is limited to $20,000 or $25,000 for any taxable year, depending on the period of residence. Puerto Rico is not a foreign country and it is the right of the Congress, in its wisdom, to provide special rules for the taxation of U.S. citizens residing there. Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩